*301 Opinion of the Court,
by Ch. J. Boyle.
THIS was a bill filed by Anderson, alleging that he was in possession under the elder grant of a tract land to which Phillips sets up claim under a junior grant, and praying that Phillips may • be. compelled to release his claim.
In a claim only 50 acres, 100 ores appearing, it is too, the**effect of innocent mistake, and * res^ed^to b^made in° fraud of the law, anda ty wiIl°notU1 aid such a claim.
Phillips admits that his patent is younger than that Anderson, but denies that therere is any interference^
The bill was dismissed by the circuit court, and Anun-derson has appealed to this court. The evidence in the cause, does not, we think, satisfactorily establish interference between the patents under which the ofparties respectively claim.
The plat made out in the cause, shews that the sur*-he complainant does not extend to that of the defendant, by some poles.
The testimony of some of the witnesses, tends indeed s^ew P^at *s incorrect, and that the survey of the complainant as it was actually made, would in-elude the defendant’s tract; but their testimony does not boundaries of the complainant with any definitude and certainty, and is too vague to be satisfactory, especially as the complainant’s survey, if it were to jje extended as he claims it, would include 150 or 200 acres’ instead of only 50 acres for which the patent, was granted. But conceding the fact to be, that the complainant’s survey was made - as he contends, the extraordinary surplus it would contain in so small a tract, could not be supposed to be the effect of an innocent mistake.
The presumption must, we apprehend, be that the survey was made in fraud of the law, and a court of equity cannot lend its aid to a party whose claim is founded in fraud.
The decree must be affirmed with costs.